PER CURIAM.
The State of Florida challenges an order which treats a petition for a writ of mandamus as a petition for a writ of habeas corpus and which transfers such petition to the county where the petitioner resides. We reverse.
Appellee Harry E. Stone, a prisoner in the custody of the Florida Department of Corrections, was charged to have been in possession of a weapon, a violation of Department rules. Following a hearing, a disciplinary team found appellee guilty, and he was ordered to serve 60 days in disciplinary confinement. Appellee grieved this disciplinary action and eventually filed a grievance before the Department Secretary. In this lengthy grievance, appellee takes issue with several procedural aspects of the investigation and the hearing; he also challenges the evi-dentiary basis for the disciplinary action taken against him. But, appellee does not challenge in this grievance his eventual assignment to close management status. Upon the denial of his grievance by the Department Secretary, appellee filed a petition for a writ of mandamus in Leon County challenging this denial. In his request for relief, appellee seeks the removal of the disciplinary report from his institutional records, the removal from close management status, and the restoration of gain time, though he elsewhere concedes that in fact no gain time was forfeited as a result of the disciplinary action taken against him. Upon receipt of a response *1210 by the State which argued that the petition had to be dismissed to the extent it challenged appellee’s close management status, the trial court issued an order treating the mandamus petition as a habe-as petition and transferring it to Santa Rosa county, where appellee was then incarcerated.
While the mandamus petition does imprecisely challenge appellee’s placement within close management, that issue was not actually before the trial court given the claims actually raised in the grievance of April 19, 2009. Thus, the transfer was not warranted. See McNeil v. Davis, 46 So.3d 1136 (Fla. 1st DCA 2010)(explaining that when close management status is no longer an issue, a mandamus petition may be heard in Leon County where the Dept, of Corrections is headquartered).
Accordingly, the order transferring venue is reversed, and the cause is remanded back to the Second Judicial Circuit for Leon County which is to consider only the merits of appellee’s challenge to the disciplinary report as stated in the grievance of April 19, 2009.
REVERSED and REMANDED.
WEBSTER, VAN NORTWICK, and THOMAS, JJ., concur.